CHARLES, A SLAVE *vs.* THE STATE.

CHARLES, a slave, *versus* THE STATE.

QUESTION IN THIS CASE.

*As to the suspension of judgment in criminal cases.*

1. That an inferior Court, in reserving a question for the opinion of the Supreme Court, suspends judgment beyond the forty days, directed by the statute of 1834,* is not error—the statute being only directory.

PER CURIAM.—This is an application for a writ of error, to reverse a sentence of the Circuit Court of Madison County, in a case of felony, where the sentence is death.    The record is before this Court, on a point reserved at the trial.    The sentence of the Court was pronounced under the act of 1834, which requires that it shall be the duty of the Circuit Court, whenever a conviction shall be had, in a criminal case, which is capital, and points are reserved, as novel and difficult, to proceed and render judgment, which shall be suspended to a time, not less than twenty-five nor more than forty days, after the commencement of the next succeeding term of the Supreme Court,

In this case, it appears, that forty-seven days will have intervened, between the commencement of this term of the Court, and the day fixed for the execution of the sentence.

Without deciding whether this Court has power to grant a writ of error, in a capital case, we are all

---

* Aik. Dig. 2d ed. 614

agreed, that there is no error in the sentence of the Court below. We consider the statute as directory, only; and that, as the Court has jurisdiction of the subject matter, and the object of the statute was to secure the accused a sufficient time, to have the points reserved, acted on by the Supreme Court, the prolongation of the time, is not such an injury to the accused, as to warrant a reversal of the judgment and sentence.

By the act of 25 George, II, it is enacted, that, in case of murder, the judge shall, in his sentence, direct execution to be performed on the next day, but one, after passing sentence." It is held, that this act is only directory, as to awarding the day of execution, and does not render it an essential requisite.[a]

[a] 2 Chit. Bla Com. 306, in n. which refers to R. & R. c. c. 230

Motion refused.